FILED

August 15, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:50 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Walter Burleson | ) | Docket No.   2016-08-1241 |
| | ) | |
| v. | ) | State File No. 78490-2016 |
| | ) | |
| Germantown Partners Supercuts, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

### Affirmed and Remanded - Filed August 15, 2017

The employee, a stylist at a hair salon, alleges he suffered an injury to his low back when he assisted a client out of a chair.  The employer denied the claim, asserting the employee did not suffer a specific incident that resulted in his alleged injury.  Following an expedited hearing, the trial court denied temporary disability and medical benefits, concluding the employee presented insufficient proof that he would likely prevail at trial in establishing an injury arising primarily out of his employment. The employee has appealed.  We affirm the trial court's decision and remand the case to the trial court for any additional proceedings that may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Monica R. Rejaei, Memphis, Tennessee, for the employee-appellant, Walter Burleson

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellee, Germantown Partners Supercuts

### Memorandum Opinion[1]

Walter Burleson ("Employee") alleged suffering an injury to his low back on September 20, 2016, while assisting a client out of a chair in the course and scope of his

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

employment as a stylist with Germantown Partners Supercuts ("Employer"). In an expedited hearing, he testified he had finished washing the client's hair and, when the client stood up, she was unsteady. He stated that when he caught her to prevent her from falling, his "back gave." He described feeling immediate pain in his low back and, after completing the services provided to the client, lying down on the floor in the office at the rear of the business to seek relief from his pain.

Employee testified the receptionist was standing by the wash station when the incident occurred and that she saw and talked to him when he was lying down. He remained at work after the incident, but in the afternoon he asked the assistant manager if he could leave early. Employee testified he told the assistant manager he needed to leave because he had injured his back. The assistant manager, who also testified at the expedited hearing, acknowledged Employee asked to leave work early that day, but stated he made no mention of having suffered any injury precipitating the request. The assistant manager further testified that it was not uncommon for Employee to ask to leave early if business was slow.

Employee testified he went home and lay on his couch and that his symptoms worsened over the course of the evening and night. He stated he tried to pick up his daughter but was unable to do so because of the pain, so he sought medical care. He testified he first sought medical treatment the day following the incident, September 21, at Baptist Memorial Hospital. The emergency department check-in sheet for that visit was marked to indicate that the reason for the visit was not work-related. The attending medical care provider's notes stated that Employee had felt pain in his back the day before and that he felt his back "give way" the morning of the visit. The record also reflected that Employee had seen a doctor that morning and that Employee had experienced this problem in the past. Employee denied experiencing back problems prior to the September 20, 2016 incident at work.

The parties agree that Employee called Employer on September 21 to notify Employer he would not be in to work that day. The manager with whom Employee spoke denied that Employee indicated his absence was related to a work injury. Employee, on the other hand, testified he discussed the work injury in this conversation with his manager. No report of injury was completed at that time. The manager, also a witness at the expedited hearing, stated that when he learned about the alleged injury he undertook an investigation of Employee's claim. In the course of the investigation, he determined which client Employee was helping at the time of the alleged incident and interviewed her.[2] He stated he also interviewed the receptionist and that neither the client nor the receptionist reported witnessing any type of incident or injury. According to the

---

[2] Employee testified that he did not remember the name of the client and that he could not confirm whether the client to whom the manager spoke was the correct person. The manager testified he determined who the client was by looking at the business records for the day in question.

manager, the client stated that she did not fall, that Employee did not grab her, that Employee did not report an injury to her, and that she did not observe anything wrong with Employee on the day in question. Neither the client nor the receptionist testified at the expedited hearing.

Employee was seen by a chiropractor on September 22. The note from that visit reflects that the chiropractor performed a "re-evaluation," but it makes no mention of a work-related injury or any mechanism of injury. The following day, September 23, 2016, Employee was seen by Dr. Douglas Cannon at Campbell Clinic Orthopedics. The record of that visit states that Employee "was noticing a little aching Tuesday, and Wednesday he picked up his daughter and just developed severe pain."[3] Employee testified that Dr. Cannon's records were inaccurate and that, rather than picking up his daughter and feeling pain, he had been unable to pick her up due to his pain. When Employee returned to Dr. Cannon on September 30, 2016, he reported he was no better. Dr. Cannon suspected an acute disc herniation and recommended physical therapy, telling Employee that his insurance company likely would not approve an MRI.

Employee attended physical therapy on October 3, 2016. The record of that visit is the first indication in the medical records that Employee's condition was work-related, stating Employee "reports that about 2 or 3 weeks ago, he was working at his job as a stylist and was trying to help a woman out of the chair, bent over and felt immediate pain in his back." On October 5, 2016, Employee returned to the emergency department at Baptist Hospital reporting worsening pain. On this visit the emergency department check-in sheet was marked to indicate that the visit was work-related. An MRI was performed during Employee's visit that revealed "L4-5 left paracentral disc herniation with left lateral recess stenosis and moderate encroachment on the traversing left L5 nerve root." The October 5, 2016 emergency department report indicated that the emergency room physician consulted with Dr. Kenan Arnautovic, a neurosurgeon, who recommended that Employee follow up with him.

Employee saw Dr. Arnautovic on October 11, 2016. Following the doctor's examination and review of the MRI films, he indicated that a disc extrusion at L4-5 was probably the source of Employee's pain. He recommended surgery, but would not proceed until it was determined whether Employee's workers' compensation claim would be accepted as compensable. On October 21, 2016, Employer denied the claim, asserting the alleged injury "did not arise out of or within the scope of employment."

Employee returned to Dr. Cannon on January 20, 2017, complaining of continued pain. Dr. Cannon reviewed the October 2016 MRI films and noted multilevel disc degeneration and small disc herniations at L4-S1. He offered conservative care, including an epidural steroid injection, and noted the likelihood of future surgical

---

[3] As noted by the trial court, "Tuesday" in this record would correspond to September 20, 2016.

intervention. Employee returned to Dr. Cannon two weeks after receiving the epidural injection and reported brief improvement followed by a worsening of his symptoms. Dr. Cannon ordered additional diagnostic testing and, after discussing the test results with Employee, referred him to a surgeon.

Employee was seen by Dr. Francis Camillo, an orthopedic surgeon at Campbell Clinic, on March 6, 2017. Dr. Camillo's initial report stated that Employee "was helping one of his clients out of a chair, and she fell, and he went to grab her." Dr. Camillo performed surgery on March 28, 2017.

Following an expedited hearing, the trial court denied the benefits Employee had requested, concluding Employee failed to present sufficient evidence to show he would likely prevail at trial in establishing his injury arose primarily out of his employment. The trial court found that Employee had not established the occurrence of a specific incident at work resulting in injury. Employee has appealed, asserting the trial court erred "as to [the] weight given to Employer [sic] witnesses in light of their full testimony [as] compared with Employee [sic] testimony." Additionally, Employee asserts that the medical records "contain sufficient language to meet the statutory definition of injury, and as such, Employee is entitled to medical and temporary disability benefits." For the reasons that follow, we find no merit in Employee's assertions.

We review a trial court's decision with "a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2016). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial judge can determine he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Thus, an injured worker retains the burden of proof, albeit a lesser burden, at an expedited hearing. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk Comp. App. Bd. LEXIS 39, at * 6 (Tenn. Workers. Comp. App. Bd. Sept. 29, 2015). "To satisfy that burden, an employee must offer evidence of a 'specific incident, or set of incidents, . . . identifiable by time and place of occurrence.'" *Id.* at *14. Moreover, "[w]hen [issues of] credibility and weight to be given testimony are involved, considerable deference is given to the trial court when the trial judge has had the opportunity to observe the witness' demeanor and to hear in-court testimony." *Foreman v. Automatic Sys., Inc.*, 272 S.W.3d 560, 571 (Tenn. 2008).

Similar to the present case, *Buchanan* concerned an employee who alleged a work-related accident that he claimed to have resulted in a compensable injury. The employer presented evidence that the event did not occur as the employee reported, and we held that, even at an expedited hearing, an injured worker must still present sufficient

proof that an accident resulting in injury occurred for the trial judge to conclude the employee is likely to prevail at trial. *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *14. Here, Employer conducted an investigation, which included speaking with two individuals who were identified as having witnessed the incident. Based on its investigation, Employer concluded that the alleged accident did not occur as Employee claimed. Its investigation further indicated that neither the receptionist nor the client with whom Employee was working at the time of the purported incident acknowledged witnessing any event as described by Employee. The medical records immediately following the alleged incident made no reference to an injury occurring at work or to the mechanism of injury described by Employee. Rather, they indicated the reason for Employee's visits was not work-related and that Employee's severe pain complaints began when he picked up his daughter. Two of the medical records referenced possible prior treatment of Employee's low back, one of which also suggested Employee had experienced similar problems in the past. Both Employee's assistant manager and manager testified that Employee's initial communications with them immediately following the alleged incident made no mention of a work-related injury.

The trial court carefully considered the proof, including the testimony presented at the expedited hearing, and concluded Employee's testimony was contradicted and outweighed by Employer's witnesses' testimony. As we have previously observed,

> where, as here, there is conflicting evidence, factual findings often hinge on credibility determinations. As such, "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). . . . *See Clark v. Willamette Indus., Inc.*, No. E1999-02693-WC-R3-CV, 2001 Tenn. LEXIS 138, at *6 (Tenn. Workers' Comp. Panel Feb. 27, 2001) ("The issue of the credibility of the live witnesses, one of whom was the [employee], was of critical importance to the case. The trial judge clearly made a judgment about this issue, as was his prerogative, and his judgment must be given considerable deference."); *Neas v. Neas*, No. E2015-00292-COA-R3-CV, 2015 Tenn. App. LEXIS 968, at *14 (Tenn. Ct. App. Dec. 15, 2015) ("The Trial Court, to some extent, implicitly did not credit [a party's] explanation. This was within the Trial Court's prerogative as the determiner of credibility, and we give strong deference to trial courts' credibility determinations.").

*Willis v. Express Towing*, No. 2016-06-0702, 2017 TN Wrk. Comp. App. Bd. LEXIS 15, at *14-15 (Tenn. Workers' Comp. App. Bd. Feb. 9, 2017). Based on the foregoing, we decline to disturb the trial court's findings.

Having determined the trial court did not err in concluding Employee failed to present sufficient evidence that he will likely prevail at trial in establishing a work-related incident resulting in an injury, neither an assessment of the medical proof nor consideration of Employee's request for an award of attorney's fees is necessary. Accordingly, we affirm the trial court's order and remand the case for any further proceedings that may be necessary.

**FILED**

**August 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:50 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Walter Burleson | ) | Docket No.    2016-08-1241 |
| | ) | |
| v. | ) | State File No.  78490-2016 |
| | ) | |
| Germantown Partners Supercuts, et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Monica Rejaei** | | | | | X | mrejaei@nstlaw.com |
| **Gordon Aulgur** | | | | | X | gordon.aulgur@accidentfund.com |
| **Amber E. Luttrell, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X |  Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov